IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

_____

JAMES W. MORE,

                Plaintiff,

                                            Civ. Action No.
  v.                                            3:11-CV-0545 (NAM/DEP)

THOMAS MILLS, Delaware County Sheriff,
*et al.*,

                Defendants.

_____

APPEARANCES:                      OF COUNSEL:

FOR PLAINTIFF:

JAMES W. MORE, *Pro Se*
P.O. Box 81
South Kortright, NY 13842

FOR DEFENDANTS:

[NO APPEARANCE]

REPORT AND RECOMMENDATION

     Plaintiff James W. More, who is proceeding *pro se*, commenced this action more than five months ago.  Since the filing of his complaint, despite prodding from the court, it does not appear that any of the named defendants have been served, nor have any appeared in the action.  In light of these circumstances and plaintiff's failure to provide status reports

to the court, as directed on two separate occasions, detailing his efforts to effectuate service, I recommend that plaintiff's complaint be dismissed, without prejudice, for failure to prosecute.

I.      BACKGROUND

Plaintiff commenced this action on May 16, 2011. More's claims stem from the seizure of a tractor and a loader pursuant to an order issued by a Fulton County Supreme Court Justice. *See* generally Complaint (Dkt. No. 1). Plaintiff's complaint lists sixteen named individuals and two "John Doe" parties as defendants and asserts claims, *inter alia*, under 42 U.S.C. § 1983 alleging deprivation of his constitutional rights based upon the seizure. *Id.* On the date plaintiff's complaint was filed summonses were issued by the court clerk for the named defendants, and provided to the plaintiff for service.

On August 22, 2011, as a result of routine case management review, the court ascertained that despite the passage of more than ninety days following issuance of the summonses no proof of service of the summons and complaint upon any of the defendants had yet been filed with the court. As a result the plaintiff was directed, by text order issued on that date, to either file affidavits of service for each of the defendants or

to submit a status report concerning his efforts to accomplish service, by August 31, 2011.

On September 13, 2011, not having received anything from the plaintiff in compliance with its earlier directive, the court ordered More to show cause on or before September 30, 2011 why the action should not be dismissed for failure to prosecute.  That notice specifically warned that in the event of non-compliance with the order I would issue a recommendation to the assigned district judge, Chief Judge Norman A. Mordue, that the case be dismissed for failure to prosecute.  Despite that second directive plaintiff has failed to supply the court with either affidavits of service or an indication of what efforts have been made to obtain service upon the named defendants.

II.     DISCUSSION

The summonses in this case were issued by the court on May 16, 2011.  Under Rule 4(m) of the Federal Rules of Civil Procedure service of those summonses was required to be made within 120 days of the date of issuance, absent a court order extending that period. [1] "[W]here good

---

[1]     That rule provides that

> [i]f a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after

cause is shown, the court has no choice but to extend the time for service, and the inquiry is ended." *Panaras v. Liquid Carbonic Indus. Corp.*, 94 F.3d 338, 340 (7th Cir. 1996). "If, however, good cause does not exist, the court may, in its discretion, either dismiss the action without prejudice or direct that service be effected within a specified time." *Id.* (citing Fed. R. Civ. P. 4(m)); *Zapata v. City of New York*, 502 F.3d 192, 196 (2d Cir. 2007) ("[D]istrict courts have discretion to grant extensions even in the absence of good cause."); *Romandette v. Weetabix Co., Inc.*, 807 F.2d 309, 311 (2d Cir. 1986). When examining whether to extend the prescribed period for service, a district court is afforded ample discretion to weigh the "overlapping equitable considerations" involved in determining whether good cause exists and whether an extension may be granted in the absence of good cause. *See Zapata*, 502 F.3d at 197.

While this case has been pending for five months, it remains stagnant. Despite directives from the court on two occasions requiring

---

> notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. . . .

Fed. R. Civ. P. 4(m). This court's local rules shorten the time for service from the 120 day period under Rule 4(m) to sixty days. *See* N.D.N.Y.L.R. 4.1(b).

4

More to notify the court concerning his efforts to effectuate service upon the defendants he has failed to do so, and has not requested that the court extend the deadline set by rule for service. The implication from plaintiff's manifest disinterest in the case is that he no longer intends to prosecute the claims set forth in his complaint.

Among the potential consequences associated with a plaintiff's disinterest in pursuing his or her claims is dismissal for failure to prosecute. *Minnette v. Time Warner*, 997 F.2d 1023, 1027 (2d Cir. 1993). Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may, in its discretion, dismiss an action based upon the failure of a plaintiff to prosecute an action or comply with any order of the court. *Link v. Wabash R.R. County Independent Sch. Dist.*, 370 U.S. 626, 629-30, 82 S. Ct. 1386, 1388 (1962). This power to dismiss may be exercised when necessary to achieve the orderly and expeditious disposition of cases. *See Freeman v. Lundrigan*, No. 95-CV-1190, 1996 WL 481534, at *1 (N.D.N.Y., Aug. 22, 1996) (Pooler, J.) (citing *Rodriguez v. Walsh*, No. 92-Civ-3398, 1994 WL 9688, at *1 (S.D.N.Y., Jan. 14, 1994) (other citations omitted)). The power of a court to dismiss an action for failure to prosecute is inherent, and may be exercised *sua sponte*. *Lindsey*, 616 F.

Supp. at 453 (citing *Link*, 370 U.S. at 630-31, 82 S. Ct. at 1388-89 ("The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.")).

The question of whether a Rule 41(b) dismissal for failure to comply with an order of the court and/or for failure to prosecute is warranted is informed by five factors, including:

> 1) the duration of the plaintiff's failure to comply with the court order; 2) whether plaintiff was on notice that failure to comply would result in dismissal; 3) whether the defendants are likely to be prejudiced by further delay in the proceedings; 4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard; and 5) whether the judge has adequately considered a sanction less drastic than dismissal.

*See Shannon v. Gen. Elect. Co.*, 186 F.3d 186, 193 (2d Cir. 1999) (failure to prosecute action) (citation and internal quotation marks omitted); *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996) (failure to comply with order of court) (citations omitted). I have carefully evaluated these five factors, and find that they weigh decidedly in favor of dismissal.

Despite notices from the court on two separate occasions requiring that he file a status report, plaintiff has persisted in his silence for a period three months since the first of these notices on August 22, 2011. The second of those two notices plainly placed plaintiff on notice that his failure to provide the required status report would likely result in dismissal of the action. These factors, in combination with the inherent prejudice to defendants in the delay in the proceedings, the court's interest in managing its docket, and consideration of less drastic sanctions, convince me that dismissal of plaintiff's complaint in this matter is justified.

III.  SUMMARY AND RECOMMENDATION

The court's records fail to reveal any steps taken by the plaintiff to pursue his claims since commencing this action five months ago. Indeed, while this court's local rules require that service of a summons be accomplished within sixty days of its issuance, and despite two separate directives reminding him of that fact and requesting information concerning the status of those efforts, plaintiff has failed to comply and has provided no information to the court concerning his efforts to arrange for service of process, or from which the court could gauge his level of persistence and enthusiasm for pursuing the claims set forth in this

7

complaint. Accordingly, based upon plaintiff's failure to arrange for service of process and to comply with two separate directives from the court, and after considering the factors relevant to a dismissal under Rule 42(b) of the Federal Rules of Civil Procedure, it is hereby respectfully

RECOMMENDED that plaintiff's complaint in this action be DISMISSED, without prejudice, for failure to prosecute.

NOTICE: Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court within FOURTEEN days of service of this report. FAILURE TO SO OBJECT TO THIS REPORT WILL PRECLUDE APPELLATE REVIEW. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; *Roldan v. Racette,* 984 F.2d 85 (2d Cir. 1993).

It is hereby ORDERED that the clerk of the court serve a copy of this report and recommendation upon the parties in accordance with this court's local rules.

Dated: October 21, 2011
Syracuse, NY

David E. Peebles
U.S. Magistrate Judge